UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KY USA ENERGY, INC., et al., | ) | CASE NO.: 10-11424(1)(11) |
| | ) | |
| | ) | AP NO. 10-1049 |
| Debtors | ) | |
| | ) | |
| K & D ENERGY, a Kentucky Partnership, | ) | |
| MICHAEL SLINKER and KIMBERLY | ) | |
| SLINKER, RANDALL FRANCIS and | ) | |
| LARRY GRACE, and BILLY HUNTER | ) | |
| and WILMA J. HUNTER | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KY USA ENERGY, INC., and | ) | |
| HILLTOPPER ENERGY, LLC | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion for Partial Summary Judgment of Defendant/Debtor KY USA Energy, Inc. ("Debtor") on Counts III and IV of the Complaint of Plaintiffs K & D Energy, et al. ("Plaintiffs"). The Court considered the Debtor's Motion and Supporting Memorandum of Law, the Response in Opposition to Debtor's Motion for Partial Summary Judgment and the comments of counsel for the parties at the hearing held on the matter.

For the following reasons, the Court will **GRANT** the Debtor's Motion for Partial Summary Judgment on Counts III and IV of the Complaint.

## PROCEDURAL AND FACTUAL BACKGROUND

On September 14, 2010, Debtor filed its Voluntary Petition seeking relief under Chapter 11 of the United States Bankruptcy Code.

On October 26, 2010, Plaintiffs instituted this adversary proceeding with the filing of a Complaint and Petition for Declaration of Rights and Injunctive Relief Against Debtor and Defendant Hilltopper Energy, LLC.

On November 9, 2010, in the main bankruptcy case, Case No. 10-11424, Debtor filed an Expedited Motion to Compel K & D Energy and Thomasson Petroleum to Turnover the Assignments for three individual oil and gas well locations pursuant to certain Farmout Agreements entered into between the parties concerning the right to drill and construct oil and gas wells on certain properties. See, Dkt. No. 89 in the main case.

On November 11, 2010, Debtor filed its Motion for Partial Summary Judgment on Counts III and IV of the Complaint in this adversary proceeding.

On December 2, 2010, this Court entered a Memorandum-Opinion in the main case, granting in part and denying in part, the Debtor's Expedited Motion to Compel K & D Energy and Thomasson Petroleum to turnover the assignments for two of the three wells. The Memorandum-Opinion set forth the Court's determination that the Farmout Agreements concerning the J. Jackson #1 and Swinney #1 wells were not executory contracts, not subject to the requirements of 11 U.S.C. §365 and ordered that the Assignments be turned over to Debtor. See, Dkt. No. 108 in the main case. The Court also determined that the Farmout Agreement pertaining to the third well, Hardison

#1, had not been fully complied with by the Debtor and that Debtor was not entitled to an assignment on that well. The Memorandum-Opinion was amended by Order of this Court entered January 14, 2011 to find that Debtor had complied with the terms of the Farmout Agreement and was entitled to the assignment of the Hardison #1 well. The Court ordered execution of the assignments to the Debtor. See, Dkt. No. 166 in the main case.

## LEGAL ANALYSIS

The purpose of a Motion for Summary Judgment is to determine if genuine issues of material fact exist to be tried. Lashlee v. Sumner, 570 F.2d 107, 11 (6th Cir. 1978). The party seeking summary judgment bears the initial burden of asserting that the pleadings, depositions, answers to interrogatories, admissions and affidavits establish the absence of genuine issues of material fact. Celotex Corp,. v. Catrett, 477 U.S. 317 (1986). The burden on the moving party is discharged by a showing that there is an absence of evidence to support a non-moving party's case. Id. Summary judgment will be appropriate if the non-moving party fails to establish the existence of an element essential to its case and on which it will bear the burden of proof. "The Court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056. The Court determines that the Debtor is entitled to summary judgment on Counts III and IV of the Complaint as a matter of law and there are no genuine issues of material fact.

In Count III, Plaintiffs seek to have the referenced Farmout Assignment, Supplemental Farmout Assignment and Farmout Assignment of Correction (collectively referred to herein as the "Farmout Assignment") deemed executory contracts and/or unexpired leases subject to assumption and/or rejection by Debtor. In Count IV of the Complaint, Plaintiffs seek to have all defaults alleged

in the Complaint with respect to the Farmout Assignment fully cured in accordance with 11 U.S.C. §365, if the Farmout Assignment is deemed an executory contract or an unexpired lease, and Debtor intends to assume it.

This Court previously determined in the main case that other Farmout Assignments entered into between Debtor and K & D Energy were not executory contracts and not subject to the requirements of 11 U.S.C. §365.  The Court finds that the Farmout Assignments at issue in this adversary proceeding are similarly not executory contracts.  The Court incorporates herein its legal conclusions set forth in its Memorandum-Opinion in the main case which found that the Farmout Assignments were not executory contracts.

In support of its claim that the Farmout Assignments are executory contracts, Plaintiffs rely on the legal treatise Am Jur and a section from Kentucky Mineral Law, which states that farm-out agreements are executory contracts.  The treatise states that farm-out agreements are usually in the form of "unrecorded letter agreements" and used for the drilling of a test well and other obligations in exchange for a recordable assignment.  See, pp. 7 and 8 of K & D's Response.  Here, however, the Farmout Assignments were recorded.  Further, they specifically state that the "assignor (K & D Energy) does hereby bargain, transfer and assign to Assignee (Debtor) the following described Oil and Gas Leases: . . ."  There is no doubt that the parties were aware that oil and gas leases were being assigned.

Whether a contract is an executory contract for purposes of 11 U.S.C. §365 is a question of federal law, not state law.  In re Geising, 96 B.R. 229 (Bankr. W.D. Mo. 1989).  In re Alexander, 670 F.2d 888 (9th Cir. 1982) ("There is no need to look at state law for meaning of 'executory contract.'"  Executory contracts do not include a contract fully performed by one of the parties.  In re Farrar

McWill Inc., 26 B.R. 313, 314 (Bankr. W.D. Ky. 1982); In re National Financial Realty Trust, 226 B.R. 586 (Bankr. W.D. Ky. 1998). K & D Energy asserted in its Complaint that it has "performed all of the conditions required of it under the terms of the initial Farm-Out Assignment, as Supplemented and Corrected, . . .". See par. 22. Accordingly, the Farmout Assignments are not executory.

The Farmout Assignments transferred and assigned oil and gas leases from Plaintiffs to Debtor. It is well settled by many courts that an oil and gas lease is not an executory contract because the rights conveyed are an interest in real estate and not truly a lease. See, In re Topco, Inc., 894 F.2d 727, 739 n. 17 (5th Cir. 1990). Kentucky follows the rationale that an oil and gas lease constitutes a conveyance of an interest in realty. Union Gas v. Wiedmann Oil and Gas Co., 211 Ky. 361, 277 S.W. 323 (1924); Ralston v. Thacker, 932 S.W.2d 384 (Ky. App. 1996). The Farmout Assignments at issue herein are not executory contracts or unexpired leases. Accordingly, they are not subject to the dictates of 11 U.S.C. §365, as a matter of law.

In response to the Motion for Partial Summary Judgment, Plaintiffs contend there are genuine issues of material fact that prevent entry of summary judgment. Plaintiffs contend that Debtor has not complied with its obligations under the Farmout Assignments and therefore it is not entitled to any assignments. The Court disagrees that the allegations of default under the Assignments or that a breach of the Farmout Assignments prevents entry of summary judgment in favor of the Debtor as a matter of law. Plaintiffs' Complaint at its essence is a collection action. The grant of partial summary judgment on Counts III and IV in Debtor's favor means the Farmout Assignments are not executory contracts requiring the Debtor to assume or reject the agreements and cure any alleged defaults pursuant to 11 U.S.C. §365 as asserted by Plaintiffs in Counts III and IV of the Complaint.

Accordingly, the Court will enter summary judgment in favor of Debtor on Counts III and IV of the Plaintiffs' Complaint.

## **CONCLUSION**

For all of the above reasons, the Motion for Partial Summary Judgment of Debtor KY USA Energy, Inc. on Counts III and IV of the Complaint of Plaintiffs K & D Energy, Inc., et al. is granted. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

*/s/ Joan A. Floyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: February 22, 2011

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KY USA ENERGY, INC., et al., | ) | CASE NO.: 10-11424(1)(11) |
| | ) | |
| | ) | AP NO. 10-1049 |
| Debtors | ) | |
| | ) | |
| K & D ENERGY, a Kentucky Partnership, | ) | |
| MICHAEL SLINKER and KIMBERLY | ) | |
| SLINKER, RANDALL FRANCIS and | ) | |
| LARRY GRACE, and BILLY HUNTER | ) | |
| and WILMA J. HUNTER | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KY USA ENERGY, INC., and | ) | |
| HILLTOPPER ENERGY, LLC | ) | |
| | ) | |
| Defendants | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Partial Summary Judgment of Defendant/Debtor KY USA Energy, Inc. on Counts III and IV of the Complaint of Plaintiffs K & D Energy, Inc., et al. is **GRANTED**. Counts III and IV of the Complaint are dismissed with prejudice.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: February 22, 2011